Curran, Dennis J., J.
In what can only charitably be described as a “document dump,” the defendants Willard and Amideo have filed a 38-page memorandum in support of their motion for summaiy judgment, followed by a 27-page memorandum filed by the defendants Evans and Dominium Income Management, succeeded by a 27-page memorandum filed by the defendant Patch, countered by a 41-page memorandum filed by the plaintiffs, matched by a 20-page reply memorandum filed by the defendants Evans and Dominium Income Management, and topped by a 17-page reply memorandum filed by the defendants Willard and Amideo.
While it is true that the defendants Evans and Dominium obtained permission by letter dated April 9, 2010 from a prior session judge to file a 27-page memorandum (but not the additional 11 pages of tables of contents and authorities), and the defendants Willard and Amideo obtained permission to file a memorandum in excess of twenty pages (lamentably, no limitation was imposed), the latter defendants took that limited license to compete, by length, with their co-defendants’ filing. What followed thereafter is regrettable. The plaintiffs escalated the conflict with a 41-page submission for which no permission was either sought or granted. In a further example of unrestraint, the defendants unilaterally lobbed a combined 37 pages of reply memoranda—without permission—into the fray. We now have 160 pages of pleadings on a summary judgment motion—not counting the additional “banker’s box” chock full of joint exhibits.
This motion has gone awry. In view of the undisciplined aftermath triggered by a kind and well-intended permission to exceed a 20-page count filing, the escalation of this conflict must give pause and opportunity for reconsideration. After reflection, the permissions to grant any filing in excess of 20 pages are REVERSED and the motion to file a 20-page reply memorandum is DENIED. A reply memorandum shall be limited to 5 pages, to which a surreply shall be also so limited.
Despite the parties’ plaints, this case is not nearly as complicated as counsel proclaim. Thus (and by no means a limited example), a discourse on the market forces that caused the “Internet Bubble” to collapse is unnecessary. A judicial decision is best achieved by a *325 concise, tempered and disciplined discussion of the relevant facts and law.

ORDER

For these reasons, the permissions to grant any filing in excess of 20 pages are REVERSED, the motion to file a 20-page reply memorandum is DENIED, all above-referred pleadings are stricken suasponte, and returned to their authors with instructions to start fresh by filing pleadings in accordance with this Order by the end of business on Friday, August 13, 2010. The defendant’s reply memorandum (one in total) shall be limited to 5 pages, to which a surreply shall also be limited.
The hearing date of August 19, 2010 shall remain the same.